IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT FITZSGERALD ROBERTS, SR.,**

        **Plaintiff,**

    v.                                  CASE NO. 19-3045-SAC

**PATRICK H. THOMPSON, et al.,**

        **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and seeks leave to proceed in forma pauperis.

**The Nature of the Complaint**

Plaintiff sues a state district judge, the Salina Regional Medical Center (SRMC), and the Salina Department of Children and Families (DCF). He claims the district judge misapplied the law in his criminal case, and he asserts that the SRMC and DCF denied his right to sign the birth certificate of his son. He seeks damages.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments

of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

The Court has examined the financial records submitted by the plaintiff and grants leave to proceed in forma pauperis. Although the Court will not impose an initial partial filing fee, plaintiff is advised that he remains obligated to pay the $350.00 filing fee in installments calculated under 28 U.S.C. § 1915(b)(2).

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247

(citing *Twombly* at 1974).

## Discussion

*The judicial defendant*

Plaintiff's claim against the defendant district judge is subject to dismissal. First, to the extent plaintiff may sue the defendant judge in his official capacity, his claim for monetary damages is barred by sovereign immunity. A suit against a government actor in his official capacity is another way of bringing an action against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "When a suit alleges a claim against a state official in his official capacity, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment." *Callahan v. Poppell*, 471 F.3d 155, 1158 (10th Cir. 2006)(quotation omitted). Sovereign immunity generally bars actions in federal court for damages against state officials acting in their official capacities. *Harris v. Owens*, 264 F.3d 1282, 1289 (10th Cir. 2001).

Next, to the extent plaintiff seeks damages from the defendant judge in his individual capacity, this claim is barred by absolute judicial immunity. A state judicial officer is absolutely immune from liability in an action under § 1983 except where the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Plaintiff's allegation that the defendant judge misapplied the law in his criminal case is not sufficient to defeat the defendant's immunity.

*Claim against SRMC and DCF*

Plaintiff claims these defendants denied him the right to sign the birth certificate of his son. Kansas law limits the circumstances

in which the name of the father may appear on a birth certificate:

> (c) If the mother was married at the time of either conception or birth, or at any time between conception and birth, the name of the husband shall be entered on the certificate as the father of the child unless paternity has been determined otherwise by a court of competent jurisdiction, in which case the name of the father as determined by the court shall be entered. If the mother was not married either at the time of conception or of birth, or at any time between conception and birth, the name of the father shall not be entered on the certificate of birth without the written consent of the mother and of the person to be named as the father on a form provided by the state registrar pursuant to K.S.A. 23-2204, and amendments thereto, unless a determination of paternity has been made by a court of competent jurisdiction, in which case the name of the father as determined by the court shall be entered.

K.S.A. 65-2409a(c).

Because plaintiff provides no specific details in support of his claim, it is unclear whether reference to this statutory provision is sufficient to resolve his claim. Likewise, the complaint does not explain plaintiff's allegation that he has been denied a federal right. Accordingly, the Court will direct plaintiff to show cause why this claim should not be dismissed due to the immunity of the defendant judicial officer and the lack of a plausible claim of the violation of a federal right. In the alternative, plaintiff may file an amended complaint that sets out allegations of fact that support his claim that he was denied a federal right to sign the birth certificate.

**Response and/or Amended Complaint**

Plaintiff is directed to show good cause why his complaint should not be dismissed for the reasons set out in this order. He is also given the opportunity to file an amended complaint to cure the

deficiencies identified.

Plaintiff's amended complaint must be submitted upon court-approved forms. In order to add claims or significant factual allegations, or to change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

In addition, plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must allege specific facts that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Plaintiff remains obligated to pay the $350.00 filing fee in installments calculated under 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that on or before **May 10, 2019,** plaintiff shall show cause why this matter should not be dismissed for the

reasons discussed herein and, if he so chooses, to submit an amended complaint. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS FURTHER ORDERED the clerk of the court shall transmit a copy of this order to plaintiff's custodian as notice of his obligation to pay the filing fee in this matter in installments.

**IT IS SO ORDERED.**

DATED:  This 10th day of April, 2019, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge